LOTTINGER, Judge.
This suit was filed by plaintiff, Geneva Kelly, against Tickfaw Retreat, Inc. and Tom Kent Stewart, for workmen’s compensation benefits resulting from the alleged wrongful deaths of her two natural children, Vincent Diggs, aged twelve years, and Bobby Charles Diggs, aged eleven years, as well as for damages in tort. Subsequent to the filing of the suit, the claim founded on tort and that on workmen’s compensation were severed. We are now concerned with an appeal from a judgment in the workmen’s compensation claim dismissing the plaintiff’s suit.
The evidence shows that on the day of the death of these twelve and eleven year old boys, they had asked Plas Harris, who was employed by Tickfaw Retreat, Inc. as well as for Tom Stewart’s dairy, if they could go with him to his place of work at Tickfaw Retreat, Inc. This was on the morning of February 18, 1972. Plas Harris advised the boys to talk to their mother to determine if their accompanying him would be all right with her, which they did. Before leaving Plas Harris sent one of the boys back in to get his shoes and shirt before departing.
Harris testified that he had at no time asked the boys to do any work for Tick-faw, Inc. or for Tom Kent Stewart on the morning in question. He further stated that the boys had never in fact done any work for Tickfaw Retreat, Inc. and that all he did was simply permit the boys to ride with him in his pick-up truck to the place where they were going to be working on the Tickfaw Retreat, Inc. property as the boys wanted to play there. This testi *286 mony was corroborated by Daisy Mae Jones. Also the testimony of Willie Harris, Lavoe Matthews, Fred Albin and T. C. Albin were all to the effect that they were present at the Tickfaw Retreat, Inc. property on the day in question and that at no time did they observe either one of the late minor children of plaintiff doing any work whatsoever but, on the contrary, observed them merely at play. Tom Stewart testified that the boys had never been employed to work for him either at Tickfaw Retreat, Inc. or his dairy.
During the course of the day, Plas Harris and others noticed that the children were missing and after searching for them found clothing in the bushes next to the river, which runs alongside the retreat property, and subsequently, found the bodies of the lads drowned.
Plaintiff testified that she heard Harris ask the boys if they wanted to go to work with him, and she assumed they were going to Tom Stewart’s dairy. Plaintiff testified that this conversation was witnessed by her mother, Rebecca Kelly, but her mother testified that she did not hear Plas Harris say anything to the boys.
After hearing the witnesses and considering the evidence the Trial Court declared that it “ . . . has no alternative but to conclude that plaintiff fails completely to prove as a matter of fact that either one of her late minor sons was requested to do any work or in fact did any work whatsoever on the date in question, and on the contrary the Court finds that the evidence preponderates clearly in favor of the defendants that the two late minor children of plaintiff merely accompanied Plas Harris to the Tickfaw Retreat, Inc. property so they could play there.” We agree with the decision of the Trial Court.
Plaintiff cites LSA-R.S. 23:233 which provides:
“The presence of any minor under sixteen years of age in any place of employment prohibited to him under the provisions of this Chapter, except during the dinner hour, shall constitute prima facie evidence of his employment therein.”
LSA-R.S. 23:161 prohibits any minor under the age of 18 from being employed in any occupation that is a hazardous or injurious situation to life, health, safety or welfare of such minor. We feel that plaintiff’s prima facie evidence as provided by LSA-R.S. 23:233 has been effectively offset by the bulk of the testimony.
The Trial Judge is in a much better position to view the evidence and judge the credibility of the witnesses. Findings of fact by the Trial Judge are to be given great weight by the appellate courts, unless shown to be manifestly erroneous. We find no error on the part of the Trial Judge.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed; all costs of this appeal to be paid for by plaintiff-appellant.
AFFIRMED.